a

## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
## MONROE DIVISION

| | |
|---|---|
| WELELA MELKE YEHEDEGO #A221-387-291, Petitioner | CIVIL DOCKET NO. 3:26-CV-00472 SEC P |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| U S IMMIGRATION & CUSTOMS ENFORCEMENT, Respondents | MAGISTRATE JUDGE PEREZ-MONTES |

## REPORT AND RECOMMENDATION

Before the Court is a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (ECF No. 1) filed by pro se Petitioner Welela Melke Yehedego ("Yehedego"), an immigration detainee at Richwood Correctional Center in Monroe Louisiana. Yehedego alleges that she is being subjected to unconstitutional, prolonged detention.

Because there is no significant likelihood of Yehedego's removal in the reasonably foreseeable future, the Petition should be GRANTED.

## I.    Background

Yehedego is an Eritrean citizen who entered the United States on December 17, 2024. ECF No. 10-1 at 1. Removal proceedings were initiated on December 23, 2024, and Yehedego has remained detained. *Id.*

On July 11, 2025, an immigration judge ordered Petitioner removed to Eritrea, but granted her relief in the form of withholding of removal under the Convention

Against Torture.  The removal order became administratively final on July 11, 2025, because both parties waived appeal.  *Id.*

On July 16, 2025, Enforcement and Removal Operations ("ERO") sent Yehedego a request for identification documents.  Assistant Field Office Director Charles Ward ("Ward") asserts that on July 19, 2025, Yehedego refused to complete the request.  However, ERO received the completed application 10 days later.  ECF No. 10-1 at 2.

On July 31, 2025, ERO elevated the case to the Removal Division at Headquarters for assistance in finding a third country for removal. *Id.*  According to Ward's Declaration, "[o]n August 11, 2025, ERO submitted the application to the state department and embassy." *Id.*  Ward also attests that, on November 20, 2025, Yehedego was advised that she would not be released from ICE custody because travel documents were requested, and removal is likely to occur in the reasonably foreseeable future.  *Id.*

II.    <u>Law and Analysis</u>

The Court has jurisdiction to consider Yehedego's challenge to her continued post-removal order detention.  *See Nguyen v. Noem*, No. 5:25-CV-176, 2026 WL 237282, at *6 (S.D. Tex. Jan. 28, 2026) ("Mr. Nguyen contests only his post-removal-period detention . . . rather than any aspect of his underlying removal order or the decision by DHS to execute it.  Thus, . . . the Court retains jurisdiction to review his detention."); *Kokoreva v. Unknown Party*, No. 3:25-CV-1700, 2025 WL 2981626, at *2 (N.D. Tex. Oct. 7, 2025) ("[T]he Court retains jurisdiction to review a noncitizen's

detention insofar as that detention presents constitutional issues, such as those raised in a habeas petition.") (quotation omitted), *report and recommendation adopted*, 2025 WL 2980642 (N.D. Tex. Oct. 22, 2025); *Yousef v. Warden Richwood Corr. Ctr.*, No. 25-CV-1947, 2025 WL 3784489, at *2 (W.D. La. Dec. 10, 2025), *report and recommendation adopted*, 2026 WL 19378 (W.D. La. Jan. 2, 2026).

After an alien is ordered removed, the Government has 90 days with which to effectuate the removal. *See* 8 U.S.C. § 1231(a)(1)(A). However, § 1231 permits detention beyond 90 days, for a period reasonably necessary to bring about that alien's removal from the United States. *See Zadvydas v. Davis*, 533 U.S. 678, 701 (2001). In fact, detention for up to six months is "presumptively reasonable." *Id.* Afterward, if the alien "provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future," the Government must either rebut that showing or release him. *Id.; see also* 8 CFR § 241.13 (setting forth the *Zadvydas* procedures). The petitioner bears the initial burden of demonstrating that a likelihood of removal in the reasonably foreseeable future does not exist. *See Andrade v. Gonzales*, 459 F.3d 538 (5th Cir. 2006). The alien's claim must be supported by more than mere "speculation and conjecture." *Idowu v. Ridge*, No. 03-cv-1293, 2003 WL 21805198, *4 (N.D. Tex. Aug. 4, 2003) (citing *Fahim v. Ashcroft*, 227 F. Supp. 2d 1359, 1366 (N.D. Ga. 2002)).

If the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must

either rebut that showing with evidence or release the alien. *See Jennings v. Rodriguez*, 583 U.S. 281, 299 (2018); *Zadvydas*, 533 U.S. at 701.

Because Yehedego has been in post-removal order detention since July 11, 2025, the presumption of reasonableness no longer applies. *See Shengelia v. Ortega*, 5:25-CV-1545, 2025 WL 3654368, at *3 (W.D. Tex. Dec. 16, 2025); *see also Altayb v. U.S. Immigration & Customs Enf't*, 1:25-CV-01615, 2026 WL 550093, at *1 (W.D. La. Feb. 9, 2026), *adopted by,* 2026 WL 544292 (W.D. La. Feb. 26, 2026).

Yehedego provides good reason to believe that there is no significant likelihood of her removal in the foreseeable future. Yehedego was granted withholding of removal to Eritrea, which is a clear barrier to her repatriation. *See Altayb*, 2026 WL 550093 *3 (collecting cases).

The burden shifts to the Government to provide evidence of a significant likelihood that Yehedego will be deported in the reasonably foreseeable future. The Government provides that travel documents were requested before November 20, 2025. ECF No. 10-1 at 2. But the Declaration does not identify any country to which a request was made, or indicate whether the unidentified country issued a travel document—or is even considering the request. The information provided in the Declaration is vague and conclusory.

Yehedego is not required to "show the absence of any prospect of removal—no matter how unlikely or unforeseeable," only that that she has "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." *Zadvydas*, 533 U.S. at 701-02. On this record, Yehedego has provided a good reason

4

to believe there is no significant likelihood of her removal in the foreseeable future, and the Government's vague Declaration does not rebut Yehedego's claim.

### III.   Conclusion

Because there is no significant likelihood of Yehedego's removal in the reasonably foreseeable future, IT IS RECOMMENDED that the Petition (ECF No. 1) be GRANTED and Yehedego be RELEASED under appropriate conditions.

Under 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), a party may file written objections to this Report and Recommendation within 14 days of service, unless the Court grants an extension of time to file objections under Fed. R. Civ. P. 6(b).  A party may also respond to another party's objections to this Report and Recommendation within 14 days of service of those objections, again unless the Court grants an extension of time to file a response to objections.

No other briefs may be filed without leave of court, which will only be granted for good cause.  A party's failure to timely file written objections to this Report and Recommendation will bar a party from later challenging factual or legal conclusions adopted by the District Judge, except if the challenge asserts "plain error."

SIGNED on Monday, April 27, 2026.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE